IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| Reclamation Creditors' Trust, | ) | Adversary Proceeding |
|    Plaintiff, | ) | Case No. 05-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| KIK Corporation, | ) | |
|    Defendant. | ) | |

## COMPLAINT

The Reclamation Creditors' Trust of Fleming Companies, Inc., et al. (the "RCT") states the following as its Complaint against Defendant KIK Corporation ("Defendant"):

### ALLEGATIONS COMMON TO ALL COUNTS

1. The RCT was created pursuant to the Debtors' and the Official Committee of Unsecured Creditors' Third Amended and Revised Joint Plan of Reorganization of Fleming Companies, Inc. and Its Filing Subsidiaries Under Chapter 11 of the Bankruptcy Code (the "Plan"). On July 26, 2004, this Court confirmed the Plan.

---

[1] The Debtors (the "Debtors") are the following entities: Core-Mark International, Inc.; Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C., Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

2. The Plan provides for, among other things, the distribution to the holders of Allowed Reclamation Claims of, in the aggregate, 100% of the beneficial interests in the Reclamation Creditors' Trust (the "RCT") which was created on the Effective Date of the Plan by the Reclamation Creditors' Trust Agreement.

3. On the Effective Date, pursuant to the Plan, the Debtors assigned all of their right, title and interest in and to the RCT Assets to the RCT. The RCT Assets included, among other things, the Debtors' interest in the approximate 570 adversary proceedings filed last year against Reclamation Creditors,[2] most of which remain pending (the "Reclamation Adversary Proceedings"). The RCT Assets also include certain of the Debtors' right, title and interest in and to various unfiled claims and causes of action against Reclamation Creditors.

4. One of the Debtors, Fleming Companies, Inc., was an Oklahoma corporation with its headquarters and principal place of business located at 1945 Lakepointe Drive, Lewisville, Texas. As of April 1, 2003 (the "Petition Date"), the Debtors were in the business of wholesale and retail distribution of consumable goods.

5. Defendant was a vendor that supplied goods to the Debtors.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this complaint pursuant to Sections 157 and 1334 of title 28 of the United States Code in that this action constitutes a civil proceeding arising out of or related to the Debtors' chapter 11 cases under the Bankruptcy Code.

---

[2] Excluded from the RCT Assets, and therefore not assigned to the RCT, were any claims that the Debtors had alleged in the Reclamation Adversary Proceedings for post-petition amounts (other than preferences), if any, due from the defendants to Fleming Convenience.

~CHGO1:30560803.v1
PHIL1 618226-1

7. This civil proceeding qualifies as a core proceeding under sections 157(b)(2)(A), (B),(F),(H) and (O) of title 28 of the United States Code.

8. Venue is appropriate under 28 U.S.C. § 1409(a).

## COUNT I:
## TO AVOID PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547

9. Within ninety days prior to the Petition Date, from January 1, 2003 through March 31, 2003 (the "Preference Period"), the Debtors made numerous transfers (the "Transfers") to Defendant.

10. The Transfers were made on account of an antecedent debt owed by the Debtors to Defendant.

11. The Transfers were made while the Debtors were insolvent.

12. The Transfers enabled Defendant to receive more than Defendant would have received if the Debtors' Chapter 11 cases had instead been brought under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and Defendant had received payment instead to the extent provided by the provisions of the Bankruptcy Code.

13. Upon the Debtors' asserted information and belief, Defendant provided eligible "new value" against the avoidance of the Transfers, pursuant to 11 U.S.C. §547(c)(4), such that the remaining Transfers subject to avoidance and recovery totaled $1,043,532 (the "Recoverable Transfers").

14. Upon the Debtors' asserted information and belief, Defendant may contend that certain of the Recoverable Transfers qualify as having been made within the "ordinary course of business," as contemplated by 11 U.S.C. § 547(c)(2).

15. Upon the Debtors' asserted information and belief, the RCT is entitled to an order avoiding the Recoverable Transfers under 11 U.S.C. § 547(b).

~CHGO1:30560803.v1
PHIL1 618226-1

## COUNT II:
## TO RECOVER AVOIDED TRANSFERS UNDER 11 U.S.C. § 550

16. The RCT repeats and re-alleges paragraphs 9 through 15 above as though fully set forth herein.

17. As alleged above, the RCT is entitled to avoid the Recoverable Transfers under 11 U.S.C. §§ 544, 547 and 549. Because Defendant is the initial transferee of the Recoverable Transfers, the RCT is entitled to recover them pursuant to 11 U.S.C. § 550.

**WHEREFORE**, the RCT requests that the Court enter judgment in its favor and against Defendant as follows:

A. To avoid and permit the RCT to recover $1,043,532 of the Recoverable Transfers; and

B. To grant the RCT such other and further relief as is just and appropriate under the circumstances.

Dated: March 30, 2005

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

_____
Steven K. Kortanek (#3106)
919 Market Street
Suite 1000
Wilmington, DE 19801-3062
Telephone: (302) 552-5503
Fax: (302) 426-9193

- and -

DLA PIPER RUDNICK GRAY CARY US LLP
Mark J. Friedman
6225 Smith Avenue
Baltimore, MD 21209-3600
Telephone: (410) 580-3000
Fax: (410) 580-3001

*Co-Counsel to the Reclamation Creditors' Trust*

4